IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON A. SANABRIA | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4091 |
| | : | |
| DR. GREGORY HELLWIG, *et al.* | : | |
| Defendants | : | |

### MEMORANDUM

**PRATTER, J.**                                                 **OCTOBER** *26*, 2020

Plaintiff Jason A. Sanabria, a prisoner at the Lehigh County Jail, filed this civil action

pursuant to 42 U.S.C. § 1983. He seeks to proceed *in forma pauperis*.[1]  For the following

reasons, the Court will grant Mr. Sanabria leave to proceed *in forma pauperis* and dismiss his

Complaint without prejudice to amendment.

### I.      FACTUAL ALLEGATIONS[2]

Mr. Sanabria's Complaint is unclear and disjointed, and his handwriting is difficult to

read. The Court has nevertheless done its best to interpret his allegations. Mr. Sanabria appears

to have named the following Defendants in their official capacities: (1) Dr. Gregory Hellwig,

---

[1] Mr. Sanabria submitted his Complaint without either paying the fees to commence this civil action or filing a motion to proceed *in forma pauperis* with a certified copy of his prisoner trust fund account statement for the six-month period preceding the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2). After being given time to either pay the fees or seek leave to proceed *in forma pauperis*, (*see* ECF No. 3), Mr. Sanabria returned with a deficient Motion to Proceed *In Forma Pauperis* that did not include the required account statement. The Court denied that Motion but gave Mr. Sanabria another opportunity to cure. (ECF No. 8.) The Court's Order, however, appears to have crossed in the mail with a second Motion to Proceed *In Forma Pauperis* and Mr. Sanabria's prison account statement, which are now before the Court.

[2] The following allegations are taken from the Complaint and from public dockets of which the Court takes judicial notice. *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006).

who appears to be a physician at St. Luke's Hospital in Allentown, and potentially "other staff"

who work at the hospital; (2) "APD/Mr. Smith/Mr. Blood", which appears to be a reference to

two officers of the Allentown Police Department; and (3) the Commonwealth of Pennsylvania.

(ECF No. 1 at 2.)[3] He indicates that his claims occurred at St. Luke's Hospital and "other

locations" on several dates, specifically, April 22, 2016, January 26, 2019, December 27, 2019,

and July 26, 2020. (*Id.* at 4.)

As the basis for his claims, Mr. Sanabria alleges:

I was having trouble getting life right so I called for a 201 and they take me to the
hospital then after stating my rights returned me then physically abused me be [sic]
repeatedly smacking me and putting excessive pressure on my head cause me a
nose bleed.

(*Id.*) Mr. Sanabria attached to his Complaint other complaints captioned for the United States

Court of Federal Claims. In one complaint, he alleges that Officers Blood and Smith subjected

him to excessive force when they brought him to St. Luke's Hospital and that medical staff

abused him. (*Id.* at 7-8.) In a second complaint, he claims he pled no lo contendere in a criminal

proceeding, possibly despite his innocence. (*Id.* at 9-10.) In a third complaint, Mr. Sanabria

alleges that he experienced anxiety and an asthma attack from sedation after being released from

a homeless shelter. (*Id.* at 12-13.) Mr. Sanabria also attached as exhibits claims he appears to

have sent to the Federal Bureau of Investigation regarding alleged malpractice committed by Dr.

Hellwig on January 26, 2019, (*id.* at 14), and an alleged assault committed against him on

December 27, 2019, (*id.* at 15). Mr. Sanabria seeks $25 million in damages for physical and

mental injuries. (*Id.* at 5.)

A search of public records reveals that several criminal proceedings have been initiated

against Mr. Sanabria in the Lehigh County Court of Common Pleas in recent years. Most

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

recently, on July 26, 2020, one of the dates mentioned in his Complaint, Mr. Sanabria was charged with aggravated assault, harassment and related charges. *Commonwealth v. Sanabria*, MJ-31201-CR-0000265-2020. Those charges were recently transferred to the Lehigh County Court of Common Pleas for further proceedings. *Commonwealth v. Sanabria*, CP-39-CR-0002787-2020 (C.P. Lehigh). It appears Mr. Sanabria initially attempted to file his Complaint in his criminal proceeding, and that the state court forwarded it to this Court for docketing. (ECF No. 1 at 18.) Mr. Sanabria subsequently filed additional letters and exhibits with this Court in support of his claims, some of which duplicate the information included in his initial filing and some of which are illegible. (ECF Nos. 4 & 5.)

## II.      STANDARD OF REVIEW

The Court will grant Mr. Sanabria leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Mr. Sanabria is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit

---

[4] The Court accepts Mr. Sanabria's prison account statement as substantial compliance with 28 U.S.C. § 1915(a)(2). As Mr. Sanabria is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

3

recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). For the following reasons, Mr. Sanabria's claims fail as pled.

4

Mr. Sanabria's Complaint is unclear and difficult to understand, in part because of his handwriting. Many of Mr. Sanabria's allegations are disjointed or disconnected, such that it is difficult to clearly understand what happened, when it happened, and who was involved in the events giving rise to his claims. Mr. Sanabria appears to be raising different types of claims against numerous Defendants based on several incidents or events, and he does not clearly connect the named Defendants to the allegations against them. These pleading deficiencies make it challenging to screen the Complaint and would make it difficult for a Defendant to meaningfully respond to the pleading. *Cf. Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). Accordingly, the Complaint fails to comply with Rule 8.

Lack of clarity aside, the Court can discern certain overarching defects in Mr. Sanabria's § 1983 claims. The Eleventh Amendment bars suits against a state in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Additionally, the Commonwealth is not considered a "person" for purposes of § 1983. *See Will*, 491 U.S. at 69. Accordingly, Mr. Sanabria cannot state a § 1983 claim against the Commonwealth.

Furthermore, Dr. Gregory Hellwig and other hospital staff, all of whom appear to be employed by St. Luke's Hospital, are not state actors and nothing in the Complaint plausibly suggests that they could be considered state actors. *See Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (explaining that whether a private entity is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly

5

treated as that of the State itself" (internal quotations omitted)). For that reason, any claims against those Defendants fail. Although Mr. Sanabria only sued these Defendants in their official capacities, such that their claims are essentially brought against St. Luke's Hospital, this logic would also hold true for any claims against them in their individual capacities.

Finally, Mr. Sanabria's claims against "APD/Mr. Smith/Mr. Blood", also fail. Claims against municipal officials named in their official capacity are indistinguishable from claims against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). As Mr. Sanabria has not alleged a municipal policy or custom that led to the violation of his constitutional rights, his official capacity claims against these Defendants fail.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mr. Sanabria leave to proceed *in forma pauperis* and dismiss his Complaint.[5] The Court will dismiss with prejudice Mr. Sanabria's claims against the Commonwealth because he cannot cure those claims. However, as it is

---

[5] To the extent Mr. Sanabria also intended to pursue malpractice or other claims under state law, he has not pled an independent basis for jurisdiction. *See* 28 U.S.C. § 1332(a).

possible that Mr. Sanabria could amend his remaining claims, he will be given leave to file an
amended complaint.  An Order follows that provides further instruction as to amendment.

BY THE COURT:

GENE E.K. PRATTER, J.

7