## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON A. SANABRIA, | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 20-4091** |
| | : | |
| DR. GREGORY HELLWIG, *et al.,* | : | |
| **Defendants** | : | |

### MEMORANDUM

**PRATTER, J.**                                                  **DECEMBER 15, 2020**

Jason A. Sanabria has filed an Amended Complaint which, for the following reasons, the

Court will dismiss.

### I.        FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Sanabria's initial complaint was unclear and disjointed, and his handwriting difficult

to read.  It appeared to name as defendants the following individuals in their official capacities:

(1) Dr. Gregory Hellwig, who appeared to be a physician at St. Luke's Hospital in Allentown,

and potentially "other staff" who worked at the hospital; (2) "APD/Mr. Smith/Mr. Blood", which

appeared to be a reference to two officers of the Allentown Police Department; and (3) the

Commonwealth of Pennsylvania.  (ECF No. 1 at 2.)[1]  Mr. Sanabria stated that his claims arose at

St. Luke's Hospital and "other locations" on several dates, specifically, April 22, 2016, January

26, 2019, December 27, 2019, and July 26, 2020.  (*Id.* at 4.)

As the basis for his claims, Mr. Sanabria alleged:

> I was having trouble getting life right so I called for a 201 and they take me to the
> hospital then after stating my rights returned me then physically abused me be [sic]
> repeatedly smacking me and putting excessive pressure on my head cause me a
> nose bleed.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

(*Id.*) Mr. Sanabria attached to his Complaint other complaints captioned for the United States Court of Federal Claims.  In one complaint, he alleged that Officers Blood and Smith subjected him to excessive force when they brought him to St. Luke's Hospital and that medical staff abused him.  (*Id.* at 7-8.)  In a second complaint, he claimed he pled *nolo contendere* in a criminal proceeding, possibly despite his innocence.  (*Id.* at 9-10.)  In a third complaint, Mr. Sanabria alleged that he experienced anxiety and an asthma attack from sedation after being released from a homeless shelter.  (*Id.* at 12-13.)  Mr. Sanabria also attached as exhibits claims he appears to have sent to the Federal Bureau of Investigation regarding alleged malpractice committed by Dr. Hellwig on January 26, 2019, (*id.* at 14), and an alleged assault committed against him on December 27, 2019, (*id.* at 15).  Mr. Sanabria sought $25 million in damages for physical and mental injuries.[2]  (*Id.* at 5.)

In an October 26, 2020 Memorandum and Order, the Court granted Mr. Sanabria leave to proceed *in forma pauperis* and dismissed the Complaint, which the Court had construed as attempting to raise claims pursuant to 42 U.S.C. § 1983.  (ECF Nos. 10 & 11.)  The Court concluded that Mr. Sanabria's Complaint was so unclear and difficult to understand that it failed to comply with Federal Rule of Procedure 8.  (ECF No. 10 at 5.)  The Court also dismissed Mr. Sanabria's Complaint for failure to state a claim because:  (1) Mr. Sanabria could not state a § 1983 claim against the Commonwealth of Pennsylvania; (2) Dr. Hellwig and other hospital staff at St. Luke's Hospital were not state actors for purposes of § 1983; and (3) Mr. Sanabria failed to

---

[2] A search of public records reveals that several criminal proceedings have been initiated against Mr. Sanabria in the Lehigh County Court of Common Pleas in recent years.  Most recently, on July 26, 2020, Mr. Sanabria was charged with aggravated assault, harassment and related charges.  *Commonwealth v. Sanabria*, MJ-31201-CR-0000265-2020.  Those charges were subsequently transferred to the Lehigh County Court of Common Pleas for further proceedings, where they remain pending.  *Commonwealth v. Sanabria*, CP-39-CR-0002787-2020 (C.P. Lehigh).

allege a municipal policy or custom for purposes of stating a claim against the municipal

Defendants in their official capacities. (*Id.* at 5-6.) The Court also observed that to the extent

Mr. Sanabria intended to pursue malpractice claims or other state law claims, he failed to plead

an independent basis for the Court's jurisdiction. (*Id.* at 6 n.5.)

Mr. Sanabria was given leave to file an amended complaint, which he did.[3] (ECF No.

12.) The Amended Complaint, which is captioned for the United States Court of Federal Claims,

raises claims against "St. Luke's (Sacred Heart Campus)" and the Allentown Police Department.

(*Id.*) Mr. Sanabria alleges that he is "experiencing anxiety/asthma attack from sedation and cold

weather after being released from homeless shelter was put through malpractice with

[unintelligible, possibly 'ammonia inhalant'] with a [unintelligible, possibly 'diagnosis']." (*Id.*

at 1.) Mr. Sanabria also alleges "abuse of power, and malpractice, perjury." (*Id.*) Based on

those allegations, Mr. Sanabria seeks damages in the amount of $75 million for "health problems

and any mental health side effects caused by the actions of the Defendant and symptoms due to

[unintelligible, possibly 'ammonia inhalant']."[4] (*Id.* at 2.)

---

[3] After filing his Amended Complaint, Mr. Sanabria submitted a letter in which he appears to be asking the Court to excuse any delay in his submission because of delays getting an additional prison account statement he submitted to the Court. (ECF No. 16.) Because Mr. Sanabria timely submitted his Amended Complaint, the Court need not further address this letter.

[4] Mr. Sanabria attached exhibits to his Amended Complaint, but the relevance of those exhibits is unclear. Most of the exhibits are requests Mr. Sanabria submitted to staff at the Lehigh County Jail, some of which concern the conditions of his confinement. (*See* ECF No. 12 at 3-5.) These exhibits do not support a claim against either of the named Defendants. The Court does not read Mr. Sanabria's Amended Complaint to be raising claims challenging the conditions of his confinement. In the event he intended to pursue any such claims, he must do so by filing a new, separate lawsuit against appropriate defendants responsible for the challenged conditions. Mr. Sanabria also submitted a "Petition" to the Court that appears to be a copy of a petition he filed in his state criminal case. (ECF No. 13.) This document, too, does not support any basis for damages claims against the Defendants, nor does it request any relief from this Court.

## II.   STANDARD OF REVIEW

Because Mr. Sanabria is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii)

requires the Court to dismiss the Amended Complaint if it fails to state a claim.[5]  To state a

claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

omitted).  Conclusory statements and naked assertions will not suffice. *Id.*  Additionally, the

Court must dismiss the matter if it determines that the pleading fails to set forth a proper basis for

this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group*

*Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016)

(explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a

court may raise jurisdictional issues *sua sponte*").  Mr. Sanabria is proceeding *pro se*, so the

Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Mr. Sanabria's Amended Complaint fails to state a plausible federal claim for relief.  "To

state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state

actor — depends on whether there is "such a close nexus between the State and the challenged

action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko*

*v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that

---

[5] Mr. Sanabria submitted a second motion to proceed *in forma pauperis*, (ECF No. 14,) which
will be denied as moot because the Court has already granted Mr. Sanabria leave to proceed *in*
*forma pauperis* in this matter.

question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

St. Luke's is a private hospital, and nothing alleged in the Amended Complaint can be plausibly viewed as state action. *See Munchak v. Ruckno*, 692 F. App'x 100, 101-02 (3d Cir. 2017) ("Munchak makes no allegation that would even arguably support a claim that these private defendants acted under color of state law in any actions they took regarding her medical care." (footnote omitted)); *Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004) ((holding that St. Luke's Hospital "is not a state actor for purposes of section 1983 under any of the possible tests used to determine whether one's conduct is attributable to the state."). Nor has Mr. Sanabria plausibly alleged a constitutional violation committed by St. Luke's. Accordingly, Mr. Sanabria's § 1983 claims against St. Luke's fail.

Mr. Sanabria also cannot state a § 1983 claim against the Allentown Police Department. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001); *see also Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Accordingly, the Allentown Police Department may not be sued under § 1983 because it is "merely an arm of the city of

Allentown." *DeBellis*, 166 F. Supp. 2d at 264. In any event, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Given that Mr. Sanabria has again failed to allege any municipal policy or custom that led to the violation of his constitutional rights, he has again failed to plead any basis for municipal liability.

In light of Mr. Sanabria's allegation of "malpractice" in the Amended Complaint, the Court will construe the Amended Complaint as attempting to raise medical malpractice claims under state law. However, as with the initial complaint, there is no independent basis for the Court's jurisdiction over these undeveloped claims.[6] The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Here, the Amended Complaint does not allege that the parties are diverse, so there is no basis for the Court to exercise jurisdiction under § 1332(a).

---

[6] Because the Court has dismissed Mr. Sanabria's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any of Mr. Sanabria's state law claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Sanabria's federal claims with prejudice and will dismiss Mr. Sanabria's state claims without prejudice for lack of subject matter jurisdiction.  If Mr. Sanabria intends to pursue any state law claims, he may choose to refile in the proper state court.[7]  Mr. Sanabria will not be given leave to file a second amended complaint here in federal court because the Court concludes that further amendment would be futile.  An order follows.

BY THE COURT:

GENE E.K. PRATTER, J.

---

[7] The Court expresses no opinion on the merits of any such claims.