## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON A. SANABRIA** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-4091** |
| | : | |
| **ST. LUKES HOSPITAL (SACRED** | : | |
| **HEART CAMPUS),** *et al.* | : | |
| **Defendants** | : | |

### MEMORANDUM

**PRATTER, J.**                                                                 **DECEMBER** *21* **, 2020**

Plaintiff Jason A. Sanabria has filed a Second Amended Complaint in this matter.  The

Court will vacate its dismissal of this case to consider Mr. Sanabria's Second Amended

Complaint and will dismiss it for failure to state a claim.

### I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Sanabria's initial Complaint was unclear and disjointed, and his handwriting difficult

to read.  It appeared to name the following Defendants in their official capacities: (1) Dr.

Gregory Hellwig, who appeared to be a physician at St. Luke's Hospital in Allentown, and

potentially "other staff" who worked at the hospital; (2) "APD/Mr. Smith/Mr. Blood", which

appeared to be a reference to two officers of the Allentown Police Department; and (3) the

Commonwealth of Pennsylvania.  (ECF No. 1 at 2.)[1]  Mr. Sanabria indicated that his claims

occurred at St. Luke's Hospital and "other locations" on several dates, specifically, April 22,

2016, January 26, 2019, December 27, 2019, and July 26, 2020.  (*Id.* at 4.)

As the basis for his claims, Mr. Sanabria alleged:

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

> I was having trouble getting life right so I called for a 201 and they take me to the
> hospital then after stating my rights returned me then physically abused me be [sic]
> repeatedly smacking me and putting excessive pressure on my head cause me a
> nose bleed.

(*Id.*) Mr. Sanabria attached to his Complaint other complaints captioned for the United States

Court of Federal Claims. In one complaint, he alleged that Officers Blood and Smith subjected

him to excessive force when they brought him to St. Luke's Hospital and that medical staff

abused him. (*Id.* at 7-8.) In a second complaint, he claimed he pled *nolo contendere* in a

criminal proceeding, possibly despite his innocence. (*Id.* at 9-10.) In a third complaint, Mr.

Sanabria alleged that he experienced anxiety and an asthma attack from sedation after being

released from a homeless shelter. (*Id.* at 12-13.) Mr. Sanabria also attached as exhibits claims

he appears to have sent to the Federal Bureau of Investigation regarding alleged malpractice

committed by Dr. Hellwig on January 26, 2019, (*id.* at 14), and an alleged assault committed

against him on December 27, 2019, (*id.* at 15). Mr. Sanabria sought \$25 million in damages for

physical and mental injuries. (*Id.* at 5.)

In an October 26, 2020 Memorandum and Order, the Court granted Mr. Sanabria leave to

proceed *in forma pauperis* and dismissed the Complaint, which the Court construed as

attempting to raise claims pursuant to 42 U.S.C. § 1983. (ECF Nos. 10 & 11.) The Court

concluded that Mr. Sanabria's Complaint was so unclear and difficult to understand that it failed

to comply with Federal Rule of Procedure 8. (ECF No. 10 at 5.) The Court also dismissed Mr.

Sanabria's Complaint for failure to state a claim because: (1) he could not state a § 1983 claim

against the Commonwealth of Pennsylvania; (2) Dr. Hellwig and other hospital staff at St.

Luke's Hospital were not state actors for purposes of § 1983; and (3) Mr. Sanabria failed to

allege a municipal policy or custom for purposes of stating a claim against the municipal

Defendants in their official capacities. (*Id.* at 5-6.) The Court also observed that to the extent

2

Mr. Sanabria intended to pursue malpractice claims or other state law claims, he failed to plead an independent basis for the Court's jurisdiction. (*Id.* at 6 n.5.)

Mr. Sanabria was given leave to file an amended complaint, which he did. (ECF No. 12.) The Amended Complaint, which was captioned for the United States Court of Federal Claims, raised claims against "St. Luke's (Sacred Heart Campus)" and the Allentown Police Department. (*Id.*) Mr. Sanabria alleged that he was "experiencing anxiety/asthma attack from sedation and cold weather after being released from homeless shelter was put through malpractice with [unintelligible, possibly 'ammonia inhalant'] with a [unintelligible, possibly 'diagnosis']." (*Id.* at 1.) Mr. Sanabria also alleged "abuse of power, and malpractice, perjury." (*Id.*) He sought damages in the amount of $75 million for "health problems and any mental health side effects caused by the actions of the Defendant and symptoms due to [unintelligible, possibly 'ammonia inhalant']." (*Id.* at 2.) Mr. Sanabria attached exhibits to his Amended Complaint, most of which are requests Mr. Sanabria submitted to staff at the Lehigh County Jail, some of which concern the conditions of his confinement. (*See* ECF No. 12 at 3-5.)

The Court dismissed Mr. Sanabria's Amended Complaint upon screening. (ECF No. 19 & 20.) The Court concluded that St. Luke's was not subject to liability under § 1983 because it was not a state actor. (ECF No. 19 at 5.) The Court also concluded that Mr. Sanabria failed to state a claim against the Allentown Police Department because it was not a "person" subject to suit under § 1983 and because Mr. Sanabria failed to allege a municipal policy or custom that led to the violation of his constitutional rights. (*Id.*) Although it was possible Mr. Sanabria was raising medical malpractice claims under state law, he had not alleged a basis for the Court's jurisdiction over those claims under 28 U.S.C. § 1332. (*Id.* at 6.) The Court dismissed the Amended Compliant in its entirety and concluded that amendment would be futile, but Mr. Sanabria had already filed his Second Amended Complaint. Since the Second Amended

3

Complaint was filed before the Court's entry of final judgment, the Court will vacate its judgment to consider the Second Amended Complaint, especially in light of Mr. Sanabria's pro se status.

The Second Amended Complaint names as Defendants: (1) "St Lukes (Sacred Heart Campus)"; (2) Allentown Police Department; and (3) the Lehigh County Jail. (ECF No. 18 at 2-3.) Mr. Sanabria brings claims pursuant to the First, Fourth, and Fourteenth Amendment that appear to be generally based on his criminal proceedings in state court and the conditions of his confinement at the Lehigh County Jail. (*Id.* at 3.) He seeks $400 million in damages. (*Id.* at 5.) In the portions of the form complaint that ask a litigant to describe the factual basis for his claims, Mr. Sanabria wrote "see attached." (*Id.* at 4-5.) Although Mr. Sanabria did not attach any additional paperwork to his Second Amended Complaint, he submitted what appears to be a factual recitation of his claims around the same time in a separate envelope. (ECF No. 17.) Accordingly, the Court will consider this document to be part of Mr. Sanabria's Second Amended Complaint because that is what he likely intended.

As with his prior pleadings, Mr. Sanabria's handwriting is difficult to read and concerns myriad events that occurred over four-and-a-half years. He discusses the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendment, and cites various criminal and civil statutes and legal concepts. (*Id.* at 2-4, 12, 14 & 18.) Mr. Sanabria also describes various "inmate guidelines" at the Lehigh County Jail, alludes to his pending criminal proceeding in Lehigh County, and discusses this litigation. (*Id.* at 5-7.) He then describes matters that took place in his pending state criminal proceeding. (*Id.* at 8.); *Commonwealth v. Sanabria*, CP-39-CR-0002787-2020 (C.P. Lehigh).

4

The crux of Mr. Sanabria's factual allegations concern four occasions involving his interactions with medical professionals and/or police officers, several of which led to the initiation of criminal proceedings against Mr. Sanabria in Lehigh County.

Mr. Sanabria discusses events that occurred on January 26, 2019. (*Id.* at 11.) He alleges that he was "under sedation & medication" when he walked into St. Luke's and had an anxiety attack. (*Id.*) Nurses helped him into a wheelchair. (*Id.*) He alleges that a physician "perform[ed] a ammonia inhalant procedure to shock the patient to wake up." (*Id.*) Mr. Sanabria indicates the physician told police that he refused to leave. (*Id.*) It appears this incident formed the basis for the prosecution of Mr. Sanabria for defiant trespass, to which he pled guilty. *See Commonwealth v. Sanabria*, CP-29-CR-0000510-2019 (C.P. Lehigh). Mr. Sanabria alleges that he spent three months in jail. (ECF No. 17 at 11.)

Mr. Sanabria next discusses events that occurred on April 22, 2016, (*id.* at 13), which correlates with the offense date of charges brought against Mr. Sanabria in 2016, and which led to his guilty plea to criminal trespass and theft by unlawful taking. *See Commonwealth v. Sanabria*, CP-36-CR-0001930-2016 (C.P. Lehigh). Mr. Sanabria alleges that, on that date, he found a tablet and "decided to keep it on [his] person." (ECF No. 17 at 13.) He was approached by an officer who asked to search him. (*Id.*) Mr. Sanabria indicates that he "suffered facial bruises and cuts" as a result of the interaction, and that he was tased. (*Id.*) He alleges that he was thereafter charged with crimes in violation of his constitutional rights and incarcerated for eleven months. (*Id.*)

Mr. Sanabria alleges that on December 27, 2019, he voluntarily committed himself. (*Id.* at 15.) Nurses and two officers were present, and someone called Dr. Hellwig, whom Mr. Sanabria had seen in the past for treatment of his mental illness. (*Id.*) Mr. Sanabria threated to sue them, at which point a nurse asked the officers "are we done here?" (*Id.*) The officers

5

walked out and the hospital staff allegedly "abused [Mr. Sanabria] and put excessive pressure on [his] head causing [him] a nose bleed." (*Id.*)

The next incident Mr. Sanabria discusses occurred on July 26, 2020, which correlates with his current criminal proceeding, in which he has been charged with aggravated assault, simple assault, and two counts of harassment. *See Commonwealth v. Sanabria*, CP-39-CR-0002787-2020 (C.P. Lehigh). Mr. Sanabria states the he does not "remember much" but that he "had 13 stitches and was aggravatedly assaulted by the EMT while the police officer was in the ambulance." (ECF No. 17 at 16.) Apparently in reference to this incident, Mr. Sanabria claims he "was in an altercation with the EMT in self defense," and that he was "restrained" which "push[ed] [him] to pool pain from top part of torso to the waist with his arms cuffed." (*Id.* at 9.) The Court understands him to be claiming he was prosecuted based on a false police report claiming he assaulted the EMT. (*Id.* at 9-10.)

Mr. Sanabria also discusses the current conditions of his confinement at the Lehigh County Jail. He claims that he has been placed in administrative segregation during his incarceration "on the same tier as enemies." (*Id.* at 16.) He claims that one such enemy decided he wanted to throw bath water into Mr. Sanabria's cell but Mr. Sanabria reacted in self defense and received a misconduct. (*Id.*) He is currently waiting for a hearing on the misconduct. (*Id.* at 17.) Mr. Sanabria also generally alleges that his liberty and property rights, as well as his rights to freedom of expression and religion, are being violated. (*Id.*)

## II.     STANDARD OF REVIEW

As Mr. Sanabria is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

6

Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court must dismiss the matter if it determines that the pleading fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As Mr. Sanabria is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Mr. Sanabria's Second Amended Complaint fails to state a plausible federal claim for relief under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Mr. Sanabria has not stated a claim.

### A.  Claims Against St Lukes (Sacred Heart Campus)

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be

7

recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

St. Luke's is a private hospital, and nothing alleged in the Second Amended Complaint can be plausibly viewed as state action. *See Munchak v. Ruckno*, 692 F. App'x 100, 101-02 (3d Cir. 2017) ("Munchak makes no allegation that would even arguably support a claim that these private defendants acted under color of state law in any actions they took regarding her medical care." (footnote omitted)); *Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004) ((holding that St. Luke's Hospital "is not a state actor for purposes of section 1983 under any of the possible tests used to determine whether one's conduct is attributable to the state"). Accordingly, Mr. Sanabria's § 1983 claims against St. Luke's fail.

### B. Claims Against the Allentown Police Department

Mr. Sanabria also cannot state a § 1983 claim against the Allentown Police Department. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001); *see also Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Accordingly, the Allentown Police Department may not be sued under § 1983 because it is "merely an arm of the city of Allentown." *DeBellis*, 166 F. Supp. 2d at 264. In any event, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d

Cir. 2009). As Mr. Sanabria has again failed to allege any municipal policy or custom that led to the violation of his constitutional rights, he has again failed to plead any basis for municipal liability.

There are also other flaws in Mr. Sanabria's claims. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and citation omitted). That is so even if *habeas* relief is no longer available to the litigant. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("[A] § 1983 remedy is not available to a litigant to whom habeas relief is no longer available."). Accordingly, to the extent Mr. Sanabria is claiming wrongful conviction or imprisonment in connection with proceedings that led to his guilty plea to criminal trespass and theft by unlawful taking, *see Commonwealth v. Sanabria*, CP-36-CR-0001930-2016 (C.P. Lehigh), or his conviction for defiant trespass, *See Commonwealth v. Sanabria*, CP-29-CR-0000510-2019 (C.P. Lehigh), his claims are not cognizable because he has not achieved favorable termination. He also cannot state a malicious prosecution claim based on his pending criminal proceeding because favorable termination is also an element of a malicious prosecution claim, and those charges have not yet terminated in Mr. Sanabria's favor. *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (a plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a

9

purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.").

Nor has Mr. Sanabria alleged a false arrest or false imprisonment claim. To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)). Mr. Sanabria has not alleged facts from which it could be inferred that probable cause was lacking on any of the occasions he was arrested (to the extent those occasions can be discerned from his filing). That Mr. Sanabria may be intending to argue self defense to the pending charges does not necessitate a conclusion that probable cause was lacking for his arrest. *See Tarr v. City of Pittsburgh*, 800 F. App'x 131, 135 (3d Cir. 2020) (probable cause still existed for arrest even if plaintiff acted in self defense); *Davis v. Malitzki*, 451 F. App'x 228, 234 (3d Cir. 2011) ("Davis's exculpatory defense, no matter how compelling, could not defeat this already-present probable cause.").

Finally, to the extent Mr. Sanabria's Second Amended Complaint can be read to raise an excessive force claim based on injuries he sustained in the course of an arrest in 2016, that claim is time-barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain

10

relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Here, Mr. Sanabria's excessive force claim accrued on April 22, 2016, when the unidentified officer who is not a defendant in this matter used force against him. *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (per curiam) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). As he did not file this lawsuit until 2020, his claims are time-barred.

To the extent Mr. Sanabria intended to raise additional claims, they are too undeveloped and unclear to state a plausible claim. In sum, Mr. Sanabria's liberally construed claims based on matters relating to his arrests and prosecution fail.

## C. Claims Against Lehigh County Jail

In this iteration of his claims, Mr. Sanabria added allegations about the conditions of his confinement and named the Lehigh County Jail as a Defendant. However, the Lehigh County Jail is not a "person" subject to liability under § 1983. *See Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976). Accordingly, Mr. Sanabria's § 1983 claims fail. In any event, these claims are improperly joined with Mr. Sanabria's claims based on his interactions with medical staff at St. Luke's Hospital and officers of the Allentown Police Department.[2] Accordingly, although Mr. Sanabria cannot

---

[2] Federal Rule of Civil Procedure 20 governs joinder of claims. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

state a basis for a claim against the Lehigh County Jail, the Court will dismiss Mr. Sanabria's claims based on the conditions of his confinement without prejudice to him pursuing those claims in a new, separate lawsuit, in the event he can state a claim against an appropriate defendant.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Second Amended Complaint for failure to state a claim.[3] Mr. Sanabria will not be given leave to file a third amended complaint because the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). Mr. Sanabria's § 1983 claims will all be dismissed with prejudice, with the exception of claims based on his current conditions of confinement at the Lehigh County Jail, which will be dismissed without prejudice to Mr. Sanabria raising those claims in a new lawsuit filed against appropriate defendants. An Order follows.

BY THE COURT:

_____

**GENE E.K. PRATTER, J.**

---

encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *McKinney v. Prosecutor's Office*, Civ. A. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

[3] To the extent Sanabria's Second Amended Complaint can be understood to raise state claims, he has not pled a basis for the Court's jurisdiction over those claims. *See* 28 U.S.C. § 1332. Nor has he pled any other basis for a plausible, timely claim within the Court's jurisdiction.